```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA
                                     :
     -  v. -
                                     :    S1 09 Cr. 507 (KMW)
KIRK LACEY,
MARK BARNETT,                        :
OMAR HENRY, and
PETER CHEVERE,                       :

            Defendants.              :

- - - - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S MEMORANDUM OF LAW
## REGARDING EVIDENTIARY ISSUES

 

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York,
                                        Attorney for the United States
                                        of America

AMY LESTER
JASON A. MASIMORE
Assistant United States Attorneys

    - Of Counsel -

**TABLE OF CONTENTS**

A. Applicable Law and Relevant Background . . . . . . . . . . . . . 2

    1.    Rule 801(c) and Documents Admissible
          as Non-Hearsay . . . . . . . . . . . . . . . . . . . 3

    2.    Rule 803(6) and Documents Admissible
          as "Business Records" . . . . . . . . . . . . . . . 5

    3.    Rule 801(d)(2)(E) and Documents Admissible in
          Furtherance of the Charged Conspiracy
          or a "Joint Venture" . . . . . . . . . . . . . . . . 9

B. Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    1.    Lender Loan Files . . . . . . . . . . . . . . . . . 14

    2.    MTC Transaction Files . . . . . . . . . . . . . . . 15

    3.    Handwritten Notes . . . . . . . . . . . . . . . . . 16

    4.    Calendar and Rolodex entries . . . . . . . . . . . 16

C. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . 17

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA
                                     :
     -  v.  -
                                     :      S1 09 Cr. 507 (KMW)
KIRK LACEY,
MARK BARNETT,                        :
OMAR HENRY, and
PETER CHEVERE,                       :

               Defendants.           :

- - - - - - - - - - - - - - - - - - x
```

    The Government respectfully submits this brief to provide the Court with a summary of the applicable law governing the admissibility of certain types of documentary exhibits which it is likely to seek to introduce at trial. These exhibits generally fall into one of the two following categories: (i) loan files received by the Government from the lenders at issue in the case; and (ii) the files of MTC Real Estate, Inc. ("MTC"), including, among other things, transaction files, handwritten notes, and calendar and Rolodex entries created by MTC employees (the "MTC Documents").[1]  Based on the Government's discussions with defense counsel about proposed stipulations governing the admissibility of the loan files, the Government anticipates that the defense may object to the admission of some of these types of documents at

---

[1] The MTC Documents are a subset of the more than thirty-five boxes of records seized by the Federal Bureau of Investigation from MTC's office on March 18, 2009 pursuant to a lawful search warrant.

trial.  As discussed below, the Government respectfully submits that documents that fall into the categories above are plainly admissible under multiple rules of evidence.

**A.   Applicable Law and Relevant Background**

Under the Federal Rules of Evidence, hearsay is inadmissible unless one of the exceptions to the bar on hearsay set forth in the rules applies. Fed. R. Evid. 802.  However, not every out-of-court statement is hearsay.  A statement is hearsay only if it is both made out-of-court and it is offered for the truth of the matter asserted out-of-court.  Fed. R. Evid. 801(c).  Where the out-of-court statement is not offered for its truth, but rather for some other purpose, or where the out-of-court statement is not an assertion of fact, but rather an instruction or a question (for example), the bar against hearsay does not apply.  See, e.g., United States v. Detrich, 865 F.2d 17, 21 (2d Cir. 1988) (out-of-court statement not hearsay since offered to prove something other than the truth of the matter asserted); United States v. DeLutro, 435 F.2d 255, 256 n.3 (2d Cir. 1970) (same).

Under Rule 104(a), "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court."  Fed. R. Evid. 104(a).  In making that determination, the Court "is not bound by the rules of evidence except those with respect to privileges." Id.; see also Bourjaily v. United States, 483 U.S. 171, 178 (1987) ("The Rule on its face allows the trial

judge to consider any evidence whatsoever, bound only by the rules of privilege."). Because "the trial court's inquiry under Rule 104(a) is not limited to evidence admissible at a trial," it may "include hearsay evidence." United States v. DeJesus, 806 F.2d 31, 34 (2d Cir. 1986). Among the types of preliminary matters commonly determined by the Court under Rule 104(a) is whether evidence is hearsay and, if so, whether any recognized exception applies. See Weinstein's Federal Evidence § 104.02[2]. We summarize briefly below some of the familiar rules of evidence most pertinent here, and then discuss the categories of exhibits at issue.[2]

1. **Rule 801(c) and Documents Admissible as Non-Hearsay**

Hearsay is an out-of-court statement by a person "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Out-of-court statements not offered for the truth of the matter asserted, but simply for the fact that they were made, are, by definition, not hearsay, and thus raise no Confrontation Clause concerns. See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004). Such statements are therefore admissible, if relevant to an issue in the case, such as the defendant's state of mind. See United States v. Harwood, 998 F.2d 91, 97 (2d Cir. 1993) (citing United States v. Cardascia, 951 F.2d 474, 486-87 (2d Cir. 1991)).

---

[2] Some of the exhibits may also be admissible on other grounds not discussed herein, including under Rules 801(d)(2)(A) (admissions by a party opponent), 801(d)(2)(B) (adoptive admissions), 803(3) (state of mind, including intent, plan, motive, etc.), and 804(b)(3) (statements against interest).

3

If an out-of-court statement "show[s] the circumstances surrounding the events, providing explanation for such matters as the understanding or intent with which certain acts were performed," the statement is not hearsay and is therefore admissible. United States v. Pedroza, 750 F.2d 187, 200 (2d Cir. 1984); see also United States v. Salameh, 152 F.3d 88, 112 (2d Cir. 1998) (materials distributed among co-conspirators relevant to show conspirators' intent and motives; as circumstantial evidence of state of mind, materials fell outside of definition of hearsay in Fed. R. Evid. 801(c) and thus were admissible).

For example, the Second Circuit has held that instructions given to the out-of-court declarant by others concerning the manner in which his company "was to conduct itself in the [charged] bid-rigging operation, and with whom it was to deal, were not hearsay but rather were properly admissible as a 'verbal act' describing the making or terms of the conspiratorial agreement. 'The hearsay rule does not exclude relevant testimony as to what the contracting parties said with respect to the making or the terms of an oral agreement.'" New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1075 (2d Cir. 1988) (internal quotation marks and citation omitted). See also Grace Label, Inc. v. Kliff, 355 F. Supp. 2d 965, 972 (S.D. Iowa 2005) ("communications relevant to the making of a contract and the existence of contract terms are 'verbal acts' and not hearsay").

### 2. Rule 803(6) and Documents Admissible as "Business Records"

Rule 803(6) of the Federal Rules of Evidence exempts from the exclusion of the hearsay rule certain records of "regularly conducted business activity," as follows:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . unless the source of the information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed. R. Evid. 803(6). The "principal precondition" to admissibility under the Rule is that the proffered record has sufficient indicia of trustworthiness to be considered reliable; the record must also be supported by a proper foundation. United States v. Strother, 49 F.3d 869, 874 (2d Cir. 1995); Phoenix Associates III v. Stone, 60 F.3d 95, 101 (2d Cir. 1995); Saks Int'l, Inc. v. M/V Export Champion, 817 F.2d 1011, 1013 (2d Cir. 1987). The Second Circuit "has adopted 'a generous view' of the business records exception, 'construing it to favor[ ] the admission of evidence . . . if it has any probative value at all.'" Strother, 49 F.3d at 874 (quoting United States v. Freidin, 849 F.2d 716, 722 (2d Cir. 1988)); see Matter of Ollag Constr. Equip.

Corp., 665 F.2d 43, 46 (2d Cir. 1981); Weinstein's Federal Evidence § 803.09[1], at 803-57 (Rule 803(6) is "construed generously in favor of admissibility").

The business records foundation may be laid by any competent witness, who need not be the actual "custodian" of the records. See Saks Int'l, Inc., 817 F.2d at 1013 ("other qualified witness," under Rule 803(6), includes "witness who is not an employee of the entity that owns and prepared" the proffered documents). "Even if the document is originally created by another entity, its creator need not testify when the document has been incorporated into the business records of the testifying entity." United States v. Jakobetz, 955 F.2d 786, 801 (2d Cir. 1992). This is because "[a] record is 'made' within the meaning of Rule 803(6) when a firm takes custody of the record for use in its business." Weinstein's Federal Evidence § 803.08[2]. Thus, the Rule permits the admission of records such as loan files -- which include documents collected by the lender from third parties -- through the testimony of a competent witness from the lender, provided that the documents collected by the lender are "integrated into [the] company's records and relied upon in its day to day operations." Jacobetz, 955 F.2d at 801 (quoting Matter of Ollag Constr., 665 F.2d at 46) (quotation marks omitted). See also Brawner v. Allstate Indemnity Co., 591 F.3d 984, 987 (8th Cir. 2010) (joining "[s]everal other courts [in holding] that a record created by a

6

third party and integrated into another entity's records is admissible as the record of the custodian entity, so long as the custodian entity relied upon the accuracy of the record and the other requirements of Rule 803(6) are satisfied") (collecting cases); Countrywide Home Loans, Inc. v. Brown, 223 Fed Appx. 13, 14-15 (2d Cir. 2007) (summary order) (payment schedules prepared by mortgage servicing agents incorporated into business' day-to-day management of mortgage accounts satisfied requirements of the Rule); United States v. Wood, No. 08-CR-92A, 2009 WL 2157128, at *2 (W.D.N.Y. July 15, 2009) (GPS records maintained by trucking company and incorporated into its own business records admissible under Rule 806(3)).

The Rule also explicitly embraces a "memorandum . . . in any form" whatever, including handwritten notes. Fed. R. Evid. 803(6). Consistent with pre-Rules cases, see, e.g., United States v. Hyde, 448 F.2d 815, 846 (5th Cir. 1971) (informal, regularly kept notes admissible), "Rule 803(6) focuses on the regularity of the record keeping process, not on its form" and, accordingly, the fact that the proffered records are "written in an irregular and shorthand manner" and somewhat "erratic" is "simply irrelevant." In re Japanese Electronics Products Antitrust Litig., 723 F.2d 238, 290 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Thus, even handwritten and somewhat fragmentary documents may be

admitted as business records, provided that the documents are made and kept as a regular practice; exclusion of such records "on the ground that their meaning might be arguable [is] an abuse of discretion." Id. at 291; Thanongsinh v. Board of Educ., 462 F.3d 762, 776-77 (7th Cir. 2006) (handwritten notes on printed "score sheet" of interviewers admissible as business record); Resolution Trust Corp. v. Eason, 17 F.3d 1126, 1131-32 (8th Cir. 1994) (handwritten notes in work papers of thrift examiner admissible as business records because, regardless of their form, they had been made and kept in the course of regularly conducted business activity); United States v. Kingston, 971 F.2d 481, 486 (10th Cir. 1992) (handwritten notes of business calls admissible); Hoselton v. Metz Baking Co., 48 F.3d 1056, 1061 (8th Cir. 1995) (accountant's notes of meeting regarding proposed agreement for redemption of minority shareholders' shares admissible); In re Blech Sec. Litig., No. 94 Civ. 7696 (RWS), 2003 WL 1610775, at *6 (S.D.N.Y. Mar. 26, 2003) ("The fact that these notes are handwritten and contained in a written notebook does not defeat the applicability of the business record exception in Rule 803(6).").

### 3. Rule 801(d)(2)(E) and Documents Admissible in Furtherance of the Charged Conspiracy or a "Joint Venture"

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is "not hearsay if . . . [it] is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To admit a statement under Rule 801(d)(2)(E), the court must find (i) that there was a conspiracy; (ii) that its members included the declarant and the party against whom the statement is offered; and (iii) that the statement was made during the course and in furtherance of the conspiracy.[3] Bourjaily, 483 U.S. at 175. The party offering the statement must prove these preliminary facts by a preponderance of the evidence. Id. at 176;

---

[3] To the extent that the exact identity of declarant (or the author of a particular document) may be uncertain, that should not prevent the statement's admission under Rule 801(d)(2)(E). See, e.g., United States v. Millan-Colon, 836 F. Supp. 1007, 1015-16 (S.D.N.Y. 1993) (where evidence suggests that documents were authored by one or more of the alleged co-conspirators, the fact that the identity of author is unknown does not bar their admission as co-conspirator statements); United States v. Ayala, 601 F.3d 256, 268 (4th Cir. 2010) ("[I]t is not necessary for the offering party to identify the declarant by name. Instead the offering party need only 'show that the unknown declarant was more likely than not a conspirator.'") (internal citations omitted); United States v. Smith, 223 F.3d 554, 570 (7th Cir. 2000) ("The defendants are wrong to suggest that it is necessary to know the precise identity of a coconspirator before statements can be admitted under Rule 801(d)(2)(E)."); United States v. Martinez, 430 F.3d 317, 326 (6th Cir. 2005) (anonymous statement admissible when circumstantial evidence demonstrates that conspiracy involving declarant and defendant exists, and that statement was made during the course and in furtherance of that conspiracy).

accord United States v. Orena, 32 F.3d 704, 711 (2d Cir. 1994); United States v. Amato, 15 F.3d 230, 234 (2d Cir. 1994); DeJesus, 806 F.2d at 34.  The Supreme Court has made clear that the proffered statement may itself be considered in making the Rule 801(d)(2)(E) determination.  Id. at 181; accord United States v. Padilla, 203 F.3d 156, 161 (2d Cir. 2000).  A district court's finding that the statement satisfies these requirements, like any other finding of fact, is reviewed only for clear error.  Orena, 32 F.3d at 711.  The evidentiary standard for proving the "in furtherance" element is low, in keeping with the general principle that "[t]he 'in furtherance' requirement of Rule 801(d)(2)(E) is construed broadly."  United States v. Escobar, 50 F.3d 1414, 1423 (8th Cir. 1995); United States v. Limones, 8 F.3d 1004, 1008 (5th Cir. 1993).

Although "a 'merely narrative' description by one co-conspirator o[f] the acts of another" are not necessarily made in furtherance of the conspiracy, co-conspirator statements may be found to be "in furtherance" of the conspiracy if they "'prompt the listener to respond in a way that facilitates the carrying out of criminal activity.'"  United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989) (citations omitted).  As the Second Circuit has explained:

> In addition to the more obvious types of communications to implement a conspiratorial operation, statements between coconspirators that may be found to be in furtherance of the

10

> conspiracy include statements that provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy.

United States v. Maldonado-Rivera, 922 F.2d 934, 958-59 (2d Cir. 1990).

Because the co-conspirator exception is based on the general principle of agency, "when two people enter into a joint venture of a conspiratorial nature, the actions and utterances of either done in furtherance of that conspiracy are deemed authorized by the other." United States v. Russo, 302 F.3d 37, 45 (2d Cir. 2002). Moreover, as the Second Circuit has explained:

> [T]he objective of the joint venture need not be the crime charged in the indictment (or the objective of the conspiracy charged in the indictment). Indeed, the objective of the joint venture that justifies deeming the speaker as the agent of the defendant need not be criminal at all. However, the conspiratorial objective being furthered by the declarant's statement must in fact be the objective of a conspiracy between the defendant and the declarant.

Id. (citations omitted). In Russo, for example, the statements at issue were "not made in furtherance of a particular criminal act and were not made in furtherance of the conspiracy that was the subject of the trial," but they were admissible nonetheless because they were in furtherance of a joint venture to maintain an organized crime family. Id. at 46 n.3. See also United States v. Gewin, 471 F.3d 197, 200-01 (D.C. Cir. 2006) (in a securities fraud

11

case, affirming district court's admission of statements based on a finding that the scheme's participants "had engaged in a common enterprise of stock promotion"); United States v. Layton, 855 F.2d 1388, 1400 (9th Cir. 1988) ("Rule 801(d)(2)(E) applies to statements made during the course and in furtherance of any enterprise, whether legal or illegal, in which the declarant and the defendant jointly participated."); United States v. Coe, 718 F.2d 830, 836 (7th Cir. 1984) ("The government must prove by a preponderance of independent evidence that the [declarant and the defendants] were on a joint venture and that the statements sought to be admitted were in the course and in furtherance of that venture."); United States v. Saimiento-Rozo, 676 F.2d 146, 149-50 (5th Cir. 1982) (because "the conspiracy or agreement [need not] be criminal in nature," log book from sailing vessel was admissible as statement in furtherance of "the joint venture of sailing" the vessel).

      In this case, the Government expects that it will be virtually undisputed that the defendants were engaged in a joint venture to procure residential mortgage loans for home buyers. After all, three of the defendants, Kirk Lacey, Omar Henry, and Peter Chevere, were employed by MTC, where their work involved assisting buyers in obtaining home mortgage loans, and the fourth defendant, Mark Barnett, was a loan officer at a lender whose business it was to issue such loans. Given these facts -- which

12

the Government will establish in part through the testimony of a cooperating witness who also worked at MTC -- we believe that this case is wholly embraced by the settled law set forth above. Accordingly, the Government submits that the Court can make the requisite Rule 801(d)(2)(E) findings either based on proof of the charged mortgage fraud conspiracy or a joint venture to assist home buyers in procuring mortgage loans.

As to the application of these rules at trial, the Supreme Court has made clear that the order of proof and general conduct of the trial are within the district court's discretion, Bourjaily, 483 U.S. at 176 n.1; thus, the Court may admit declarations by alleged conspirators prior to the time that all of the requirements for admissibility have been established by independent evidence subject to connection through the later submission of evidence, United States v. Stanchich, 550 F.2d 1294, 1298 (2d Cir. 1977); accord United States v. Labate, S1 00 Cr. 632 (WHP), 2001 WL 533714, at *21 (noting that "[t]he Second Circuit has expressly approved the practice of conditionally admitting such statements at trial, subject to the later submission of evidence necessary to make the preliminary pre-requisite findings") (citing United States v. Tracy, 12 F.3d. 1186, 1199-1200 (2d Cir. 1993)). The Government respectfully requests that, at the conclusion of all of the evidence, the Court determine whether a preponderance of the evidence establishes all of the prerequisites of admissibility of

the co-conspirator statements that have been received into evidence and explicitly so rule. See Stanchich, 550 F.2d at 1298; United States v. Lombardozzi, S1 02 Cr. 273 (PKL), 2003 WL 1956290, at *2 (S.D.N.Y. Apr. 24, 2003); United States v. Wilson, 95 Cr. 668 (LMM), 1999 WL 126456, at *2 (S.D.N.Y. Mar. 9, 1999). The Government has already submitted a proposed jury instruction on the proper use of co-conspirator statements. See Joint Proposed Requests to Charge, Government Request No. 10.

**B.  Discussion**

Below, we set forth a brief description or identification of some of the types of documents which we currently expect to introduce at the trial, as well as the grounds on which we anticipate asking the Court to rely in ruling on their admissibility.

1.  **Lender Loan Files** — Based on the applicable law set forth above, the loan files produced by the lenders to the Government are admissible as business records under Rule 803(6). Defense counsel have indicated they may object to the admission of the entire loan file as a business record, because certain documents therein were not created by the lender, but rather received by the lender from third parties, including MTC. However, the Government expects to be able to establish, through competent witnesses, that it was the lenders' practice to incorporate those third-party documents -- such as loan applications, financial documents submitted by the

14

borrower, or closing-related documents from the settlement agent -- into their loan files and rely on them during the course of their business.

    2.   **MTC Transaction Files** – The contents of transaction files kept by MTC in connection with loan modifications, short sales, and home mortgage loans contain a variety of documents, including, among other things, the following: (a) documents received by MTC from the distressed homeowners or potential borrowers regarding their financial status; (b) documents that MTC employees prepared in connection with the procurement of home mortgage loans, such as loan applications, verifications of employment, good faith estimates, and contracts of sale; (c) documents that MTC employees created and/or procured from third parties in support of the loan applications, such as bank statements, down payment checks, W-2s and earnings statements; (d) correspondence with lenders, including faxed communications; and (e) documents received by MTC from the closings for the transactions, such as HUD-1 Settlement Statements, and check disbursement lists and the corresponding checks. Based on the testimony of a cooperating witness at trial who worked at MTC with defendants Lacey, Henry, and Chevere, the Government expects to establish that these transaction files are admissible as business records under Rule 803(6) and also as statements in furtherance of the charged mortgage fraud conspiracy or the joint venture described above under Rule 801(d)(2)(E). In addition,

because it is the Government's contention that many of the documents in the transaction files were fraudulent and contained false information -- such as the employment-related documents created and/or procured by MTC in support of the loan applications -- those particular documents are admissible because they are not offered for the truth of the matters asserted.

    3.   **Handwritten Notes** — The Government expects to elicit testimony from a cooperating witness sufficient to establish that the handwritten notes seized from the MTC office are admissible as business records under Rule 803(6).  As set forth above, Rule 803(6) does not require a high degree of formality and contemplates the admissibility of memoranda in any form, including handwritten notes.  In addition, most, if not all of the handwritten notes that the Government plans to offer are admissible under Rule 801(d)(2)(E) as statements in furtherance of the charged mortgage fraud conspiracy or the joint venture described above.

    4.   **Calendar and Rolodex Entries** — The Government expects to establish that the calendar and Rolodex entries which it seeks to admit are also admissible as business records under Rule 803(6). See United States v. Kaiser, 609 F.3d 556, 575 (2d Cir. 2010) (business planner in which witness made contemporaneous handwritten entries related to contacts with business associates admissible under Rule 803(6) in part "because it was maintained in a consistent way and was focused on a certain range of issues that

were relevant to his business"); United States v. Ford, 435 F.3d 204, 214-15 (2d Cir. 2006) (witness's calendar admitted as business record because he testified it was his regular business practice to keep such a calendar "in which he documented events of which he had personal knowledge at or near the time they occurred").

**C.   Conclusion**

For the foregoing reasons, the Government respectfully submits that the Court should find that the above-described categories of documents are admissible during the trial of this matter, focusing on the principal bases for admissibility set forth herein.

Dated:   New York, New York
         November 27, 2010

                                   Respectfully submitted,

                                   PREET BHARARA
                                   United States Attorney


                           By:         /s
                                   Amy Lester
                                   Jason A. Masimore
                                   Assistant United States Attorneys
                                   (212) 637-2416/2580

17